Johnson J.
There is- obviously nothing illegal is this contract; and the only question growing out of the first ground of the motion is, whether there was a sufficient consideration to charge the defendant.? Every promise that is made without a consideration is nudum -pactum; and it follows, as a necessary consequence, that to make them obligatory, there must bo a sufficient legal consideration. It is not, however, necessary to their validity that the party to be charged by them should derive a benefit: if it be a damage to the other party, or a suspension or forbearance of his right, it is sufficient, (3 Burr: 1663, 1 Taunt. 523.) And so if the contract imports a benefit to the person for whom the thing is to be done. (1. D. 8f E. IQ.) Assuming for the present that the plaintiff could legal!}' have arrested Schwach on the caz sa: at the time the contract was entered into, it will be found that both of these ingredients entered into the consideration., It was to the damage of the plaintiff. He was to be delayed in the collection of his debt. Schwach might have escaped, and his remedy against him might have been lost. It imparted a benefit to Schwach for whom the thing was tp be done. He was for the time discharged from the arrest and detention of his person. In support of this ground, it has been urged that to make forbearance or indulgence a good consideration, it must be total and not partial or temporary. This position is at war with those before laid down. The plaintiff was to sustain a damage and Schwach was to derive a benefit and the liability of the defendant attached. It is opposed too by numerous authorities. In 1 Roll,27 15, iti$ laid down that to discharge a man arrested “for a little while*? is a good consideration. Forbearance of a suit for “a certain *165 (fmc'” is also good and the reason given is that it is a present benefit to the defendant. (Vide Cro:Eliz: 387.643. 768.848.)
J. B. White, contra.
By the common lav/ the discharge of a defendant arrested on a ca: sai was a satisfaction of the judgment, raid the second ground of the motion is founded on the idea that in as muchas the plaintiff did not retake Schwach at the expiration of the sixty days, the time limited by the discharge, he could not legally do so afterwards and, therefore., She defendant’s undertaking was without any consideration. 3fit bo conceeded that the plaintiff could not have again arrested Schwach on the ca: sa: this conclusion would inevitably follow; but the act of 1815, has altered the common law in Shis respect. By it, the plaintiff may discharge a defendant in custody on a ca: sa: for a time, with his consent, without impairing any ofhis rights and he may retake him. And if the construction contended for should prevail, it would follow that he could not do so, except the precise moment when the time limited had expired. He could not act before without violating the discharge; and according to the doctrine, he could not act afterwards, so that a defendant would have it in his power, by keeping out of the way, only for a moment, to discharge his debt. But ifthe discharge and the assent of Schwach is put on the fooling of a contract, and it imposed on the plain-riff the necessity of retaking him immediately at the expiration of the time limited, it must likewise impose on him, for the same reasons, the obligation of returning to custody at the same time; and if he should fail to do so, on the principle that no one shall take advantage of his own wrong, the plaintiff might have retaken him at a subsequent time; and such is obviously the plain interpretation of the act. A different construction would make it a snare to entrap the innocent and unwary.
The motion is discharged, (a)
Pepoon for the motion.

 se note A in Appendix.